IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

JEFFERY B. SANFORD                    *

    Plaintiff,                              *

        v.                                      *      3:06-CV-326-MEF
                                                                                                 (WO)

LEE COUNTY DETENTION CENTER, *et al.*,  *

    Defendants.                             *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Jeffery Sanford ["Sanford"], filed this complaint for injunctive relief on April 11, 2006 against the Lee County Detention Center, Lieutenant Corey Welch, Officer Wilsie, Officer Aaron, and Officer Libsat.[1] Sanford maintains that Defendants Libsat and Aaorn attempted to retaliate against him based on an incident which occurred eight years ago between him and Officer Wilsie. Upon review of the complaint, the court finds that it should be dismissed under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] Sanford refers to this individual as both Officer Libsat and Officer Libersat. (*See* Doc. Nos. 1, 5.) Because Sanford originally identified this defendant as "Officer Libsat," the court shall utilize this spelling of the officer's name.

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Thus, notwithstanding payment of the filing fee or any initial partial filing fee, this court must dismiss a case prior to service of process if the court determines that the action is subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) or (iii).

**I. DISCUSSION**

*A. The Lee County Detention Center*

Sanford names the Lee County Detention Center as a defendant in this cause of action. A county detention facility is not a legal entity subject to suit or liability under section 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Sanford's complaint against the Lee County Detention Center is due to be dismissed. *Id.*

*B. The Retaliation Claim*

In his original complaint, Sanford alleged that Officer Wilsie, in the presence of four other officers, mentioned that he recalled Sanford from an incident which occurred in 1998. Specifically, Officer Wilsie stated that Sanford and his wife "had lied on him [Wilsie] to the Chief Deputy Sheriff Major Tolbert concerning an old issue from a previous grievance in 1998." (Doc. No. 1 at pg. 3.) Sanford alleges that two of the four officers who heard that statement have "tried to retaliate for Officer Wilsie." (*Id.*) By order entered April 17, 2006 the court directed Sanford to identify the factual allegations material to the specific assertions of retaliation he asserted against Officers Libsat and Aaron. (*See* Doc. No. 3.) Sanford complied with this order by filing an amended complaint on May 1, 2006. (Doc. No. 5.)

In his complaint, as amended, Sanford's description of Officers Libsat and Aaron's acts of retaliation are comprised of acts of harassment and verbal abuse. (*See* Doc. Nos. 1,

5.) Sanford alleges that Officers Libsat and Aaron's conduct and remarks make him feel that his safety and well-being are in danger, and consequently, he requested placement in protective custody but without a loss of phone, visiting, and canteen privileges. (Doc. Nos. 1, 5.)

To present a retaliation claim cognizable under § 1983, a prisoner must demonstrate that (i) he engaged in a constitutionally protected activity, (ii) he suffered adverse treatment simultaneously with or subsequent to such activity, and (iii) a causal connection existed between the protected activity and the adverse action. *Donnellon v. Fruehauf Corporation*, 794 F.2d 598, 600-601 (11th Cir. 1986); *Farrow v. West*, 320 F.3d 1235, 1248-49 (11th Cir. 2003); *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2nd Cir. 2004); *Morales v. Mackalm*, 278 F.3d 126, 131 (2nd Cir. 2002); *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Moreover, a prisoner must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are insufficient. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *Bennett v. Goord*, 343 F.3d 133, 137 (2nd Cir. 2003) (because prisoner retaliation claims are prone to abuse, "we are careful to require non-conclusory allegations.").

In this case, Sanford does not state a claim for retaliation in the form of verbal abuse, threats, or harassment. The law is settled that an inmate has no right to be free from verbal harassment, verbal abuse, and mere threatening language and gestures of a custodial officer as such conduct does not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.3d 143, 146 (5th Cir. 1983); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973); *Ivey v.*

*Wilson,* 832 F.2d 950, 954-55 (6th Cir. 1987); *Thaddeus-X,* 175 F.3d at 398. Consequently, the conduct and remarks Sanford attributes to Officers Libsat and Aaron will not support a claim of violation of his constitutional rights. Because the complaint, as amended, lacks an arguable basis in law, it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **May 15, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done, this 3rd day of May 2006.

                                     **/s/ Delores R. Boyd**
                                     DELORES R. BOYD
                                     UNITED STATES MAGISTRATE JUDGE